UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LUIS P., | Case No. 26-CV-939 (NEB/DLM) |
| Petitioner, | |
| v. | |
| PAMELA BONDI, Attorney General, United States Department of Justice; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement, | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| Respondents. | |

This matter is before the Court on Petitioner Luis P.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Luis P. is a citizen of Ecuador who has resided in the United States since September 2024 after he entered the country without inspection. (*Id.* ¶¶ 9, 32.) Shortly after his arrival, the Department of Homeland Security placed him in removal proceedings but released him on his own recognizance. (*Id.* ¶ 2.) He has a pending asylum application. (*Id.* ¶¶ 2, 6.)

Luis P. is married and has a four-year-old child. (*Id.* ¶ 33.) He is an active participant in his community; he attends church and plays soccer in his neighborhood.

(*Id.* ¶ 34.) Luis P. has no criminal history and has complied with all lawful orders with respect to his immigration proceedings. (*Id.* ¶¶ 2, 6.)

On January 13, 2026, when Luis P. attended his Intensive Supervision Appearance Program for what he believed would be a routine check-in meeting, Immigration and Customs Enforcement ("ICE") took him into custody—without a warrant. (*Id.* ¶¶ 8, 35.) Luis P. was unable to secure legal representation until January 31, 2026, when his family was finally able to secure counsel for him. (*Id.* ¶ 13.)

Using ICE's Online Detainee Locator, the Petition pleads that Luis P. is detained at Karnes County Immigration Processing Center in Karnes City, Texas. (*Id.* ¶ 37.) Respondents contend that Luis P. was transferred to Texas on January 24, 2026.[1] (ECF No. 5 at 1.[2]) On February 2, 2026, Luis P. filed this habeas action arguing that his detention under Section 1225(b)(2) violates the Fifth Amendment, Fourth Amendment, and the INA and its implementing regulations.

In their response to the Petition, Respondents ask the Court to dismiss the Petition for improper venue or transfer it to the United States District Court for the Western District of Texas. (*Id.*)

---

[1] Although Respondents do not supply a declaration or any supporting evidence, Luis P. does not contest Respondents' assertion that he was transferred on January 24, 2026.

[2] All page citations to the record or other dockets reference ECF pagination.

Generally, habeas petitions seeking to challenge present physical custody should (1) name the petitioner's immediate custodian as a respondent; and (2) be filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 443–44 (2004). But the Court has acknowledged that when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Id.* at 450 n. 18.

For that reason, the concurrence in *Padilla* recognized an exception to these rules "if there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and the place of detention." *Id.* at 454 (Kennedy J., concurring, joined by O'Connor, J.). In those situations, and others similar, habeas jurisdiction lies in the district from which "the petitioner had been removed." *Id.*

While the Supreme Court majority has not formally adopted such an exception, courts nationwide have recognized and applied it. *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 37–38 (D. Mass. 2025) (collecting cases); *Suri v. Trump*, 785 F. Supp. 3d 128, 144–45 (E.D. Va. 2025) (recognizing and applying the exception), *aff'd*, No. 25-1560, 2025 WL 1806692, at *4 (4th Cir. July 1, 2025) (same) (noting the Fourth Circuit's previous application of the exception in *United States v. Moussaoui*, 382 F.3d 453 (4th Cir. 2004));

3

*Tacuri ex rel. Guanoluisa v. Francis*, No. 25-CV-07012 (JAV), 2025 WL 3459377, at *3–4 (S.D.N.Y. Dec. 2, 2025) (recognizing and applying the exception); *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 392–94 (D.N.J. 2025) (same). This includes many courts in this District. *See Aleksander B. v. Trump*, No. 26-CV-170 (KMM/DJF), 2026 WL 172435, at *2 (D. Minn. Jan. 22, 2026) (collecting cases from this District).

Although the Court recently declined to transfer a habeas petition in which the Petition pled that the petitioner was currently detained in Texas, not Minnesota, the Court cannot reach the same conclusion here. *Cf. Neri R.C. v. Bondi*, No. 26-CV-912 (NEB/EMB) (D. Minn. Feb. 13, 2026), ECF No. 9. Luis P.'s case does not present the same "race against the airplane" concerns as *Neri R.C.* In *Neri R.C.*, petitioner's family retained counsel the day after his arrest, and the attorney worked swiftly on the petition—despite being unable to contact the petitioner. *Id.* at 3–5.[3] While counsel was working on the petition the day after petitioner's arrest, and less than twenty-four hours before counsel filed the petition, ICE updated its Online Detainee Locator showing that petitioner was in Texas. *Id.* at 5.

---

[3] All page citations to the record or other dockets reference ECF pagination.

4

Here, ICE did not transfer Luis P. out of Minnesota until January 24, 2026—eleven days after his arrest. And Luis P. did not file this Petition until February 2, 2026, nine days after he was transferred and twenty days after his arrest.

Although Luis P. alleges in his Petition that his right to access counsel "has been depravedly violated," he does not provide specific factual allegations as support. (Pet. ¶ 13.) And he does not make this argument at all in his reply brief. (*See* ECF No. 6.) Even so, the fact that Luis P. did not obtain counsel until eighteen days after his arrest is insufficient, on its own, to warrant application of the exception to the habeas forum rules.

Luis P. does not make any specific factual allegations that the eighteen-day delay in retaining counsel was caused by Respondents' actions or practices. He does not, for example, allege that he had no access to phone calls, attorney visitation, or information about free legal services. Nor does his Petition allege that his family had been unable to contact Luis P. despite multiple efforts. The Petition does not allege that it lacks allegations of this kind because Respondents' practices have stifled the ability of family or counsel to obtain this type of information.

The Petition does not name Luis P.'s immediate custodian, and it is not filed in his district of confinement. Because no exception to these rules applies, the Court transfers the case to the Western District of Texas.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Clerk of Court is directed to transfer this case to the United States District Court for the Western District of Texas.

LET JUDGMENT BE ENTERED ACCORDINGLY.

| | |
|---|---|
| Dated: February 13, 2026<br>Time: 11:40 p.m. | BY THE COURT:<br>s/Nancy E. Brasel<br>Nancy E. Brasel<br>United States District Judge |